UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Albert Ross, | Civ. No. 23-2488 (JWB/ECW) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| Gillette Children Hospital, and Ronald McDonald House, | |
| Defendants. | |

---

Albert Ross, pro se Plaintiff.

Jennifer R. Olson, Esq., and Steven J. Sheridan, Esq., Fisher Bren & Sheridan, LLP, counsel for Defendant Gillette Children Hospital.

Elizabeth Fuller, Esq., and Jonathan P. Norrie, Esq., Bradford Andresen Norrie & Camarotto, counsel for Defendant Ronald McDonald House.

---

Defendants Ronald McDonald House ("RMH") and Gillette Children Hospital ("GCH") have each filed Motions to Dismiss for improper service. (Doc. Nos. 16, 22.) RMH and GCH contend that Plaintiff Albert Ross's lone service attempt did not include the Complaint and was improper service on a corporation under Federal Rule of Civil Procedure 4. (*See* Doc. Nos. 18, 24.) Both motions are granted.

Proper service of process is required for personal jurisdiction over a defendant. Fed. R. Civ. P. 4; *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993); *see also Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (actual notice does not cure lack of personal jurisdiction). Proper service in

this instance required delivering a copy of the Summons and the Complaint to an officer, managing or general agent, or any other agent authorized by law. Fed. R. Civ. P. 4(c), (h), (e)(1).[1] If not properly served within 90 days, a defendant may move for dismissal without prejudice. Fed. R. Civ. P. 4(m), 12(b)(4–5). An extension of time to correct service will only be granted when a plaintiff demonstrates good cause or excusable neglect. *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612–13 (8th Cir. 2003).

Ross filed suit on August 11, 2023, more than 90 days ago. (Doc. No. 1.) He filed Proof of Service forms for each Defendant on August 11 and August 14, 2023. (Doc. Nos. 5, 6.) But the forms themselves are insufficient to prove service of process on a corporation in Minnesota—they do not identify who was served, listing only a location and date. (*Id.*) Furthermore, both RMH and GCH contend that Ross did not include the Complaint in his attempt, and served individual employees not authorized to receive service on behalf of either corporate entity. (Doc. Nos. 18 at 3–5, 24 at 7.) To date, Ross—with ample time to address the deficiency—has not responded to either motion, has not requested that service be waived, and has not attempted to correctly serve either party. (*See generally* Docket.) Because Ross has not complied with Rule 4 and has not given any reason for his failure to serve either party, RMH and GCH's motions are granted. This matter is dismissed without prejudice.

---

[1] Rule 4(h)(1) permits a corporation to be served "in the manner prescribed by Rule 4(e)(1)," which in turn permits service to be made pursuant to state law in the state where the district court is located. Fed. R. Civ. P. 4(h)(1), (e)(1). In this instance, the Federal and Minnesota requirements function identically. Minn. R. Civ. P. 4.03(c).

**ORDER**

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Ronald McDonald House's Motion to Dismiss (Doc. No 16) is **GRANTED**;

2. Defendant Gillette Children Hospital's Motion to Dismiss (Doc. No. 22) is **GRANTED**;

3. Plaintiff Albert Ross's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

4. Plaintiff's Motions for Default Judgment (Doc. Nos. 8, 11) are **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  February 27, 2024                         *s/ Jerry W. Blackwell*
                                                 JERRY W. BLACKWELL
                                                 United States District Court Judge